Mr. Hernandez-Garcia is challenging the sentence he received upon pleading guilty for illegal reentry on the reasonableness grounds set forth in Booker. But before I get to the substance of the appeal, I'd like to address the court's questions that it sent to us regarding the jurisdiction that the court has to even consider the district court's refusal to depart downward as requested during the sentencing. And I trust that the court received the government's submission of the Cooper case, because I will be addressing some of the points in the Cooper case. I do think it's a germane case. It does provide some basis for analysis. Your Honor, the problem that I believe we're facing on this particular question of the court's jurisdiction regarding even reviewing the district court's discretionary denial of the downward departure is that it is bringing us back to a pre-Booker analysis of 3742A. Prior to Booker, 3742A was the only specific way a defendant could challenge the sentence. And the four situations in that subsection were specifically the limits to the review. I couldn't see where Booker changed 3742A. The only excision that Booker made in the guidelines mandatory, and that was how they shaped the guidelines. They made them merely advisory rather than mandatory. That's correct, Your Honor. And everything else seems to stay there. And in fact, this court in Cantrell has said that 3742A does survive intact. But I suggest that it cannot survive intact because Booker expressly stated that defendants can challenge their sentences for reasonableness. That is not an express provision in 3742A. And in Cooper, which I think is instructive, the court also held that the reasonableness of the sentence review must be read into 3742A1, that if a sentence is not reasonable, then it is a sentence imposed in violation of the law. I have trouble with that because there's a provision, a federal habeas type provision for challenging illegal sentences. And it has traditionally been understood not to mean sentences that are excessive in light of the crimes and the criminal history, but rather sentences where the judge got mixed up on the statute and it exceeds the statutory maximum or something like that. That's correct, Your Honor. However, what we then would be faced with if we cannot read into 3742A in any of the provisions that a defendant has a right to challenge a sentence for reasonableness, the pronouncement in Booker is meaningless at that point. Clearly, a challenge on reasonableness would not fall under A2 because A2 contemplates challenges based on an incorrect application of the guideline. So that would be simply a pre-Booker analysis of whether or not the court properly interpreted and applied the guidelines rules itself. A3 addresses sentences that are greater than the guideline range after application of the guidelines. So again, a reasonableness standard wouldn't logically fit there. And as far as A4, which allows for the review of unreasonable sentences, but only when they're reasonable, the guideline doesn't contemplate any range. So again, if it doesn't fall within A1, we don't have a reasonableness review at all, which again flies in the face of Booker. If, in fact, 3742A1 has to now add this unreasonableness or rather reasonableness review in order to make sense of Booker's holding, then I suggest that 3742A did not survive Booker intact, but actually has been expanded. If it has been expanded, then this court should consider that it has jurisdiction to address the district court's refusal to downward depart. But that's a rather strange view that a Supreme Court opinion sort of unintentionally changed the meaning of a statute. I'm not certain that it was an unintentional change of the statute. We had a whole body of law saying we don't review failure to depart downward. That's correct, Your Honor. And you say the Supreme Court meant to suddenly change that? I think the court may have unintentionally changed the body of law saying that pre-Booker, we don't allow a review of the discretion not to downward depart. But I do think Booker did intend to change the sentencing statutes, including 3742A, by creating the reasonableness review. That seems like an argument you ought to address to them, not to us. Well, that may be the next step, Your Honor. But what I want to make sure that I'm being clear about as far as the court's question of its own jurisdiction, if this reasonableness is not part of the statute now, we would be foreclosing some review of sentences because, as Cantrell says, this Court has determined that now sentencing review is two-step. First, determine if there was a misapplication of the guidelines. Was there an error in the guideline applications? If there is, we don't go any further. We may remand it for further sentencing or address it straightforwardly. Counsel, you're probably aware that in Plough supplemental briefing has been ordered. Yes, Your Honor. So presumably, I mean, that's this issue. That is correct, Your Honor. And we might, they've got it under their belts. We may very well need to wait for them to make a decision. I understand your argument that it's very difficult to read Booker in such a way that it doesn't permit a reasonableness review. I mean, that's what it's all, that's what the remedial part of the Booker decision is all about. And that's our position, Your Honor, that in order to allow for the reasonableness review that's stated in Booker, it has to be consistent, it has to be read consistent with the existing 3742A factors. Your Honor, if my time is up and I'd like to reserve the balance for it. But I just comment, to be clear, I mean, you're making a perfectly reasonable argument to your credit, but those two decisions on sentencing by the Supreme Court don't make very much sense. I mean, it's unconstitutional for a judge to find facts if he has to then go to a mandatory scheme, but it is constitutional for the judge to find facts and use them. There's no internal logic to it. At some point, the Supreme Court has to face its own, the dilemma is created, and it seems to me that there's going to be a lot of time spent in the district courts and circuit courts before it gets to the Supreme Court again. But sometime they'll have to resolve these questions. I agree. Thank you, Your Honor. Thank you, counsel. Good afternoon, Your Honors. May it please the Court, Steve Kim for the United States. If I may, Your Honor, I would also begin with the question of jurisdiction. And I think the crux of the argument comes down to whether we read Booker to stand for the proposition that this Court or district courts must review all sentences for reasonableness without qualification. This Court, you mean? Well, this Court as well as, yes, I'm sorry, Your Honor, this Court. And the government's position is that when you read Booker, Booker does not stand for that proposition. And equally important, Booker could not stand for that proposition because it would then mean that the Supreme Court has created and expanded appellate jurisdiction, which it clearly cannot do. Well, I can strike down a restriction on it, I suppose. I mean, they were striking down parts of the guidelines, the parts that made it mandatory. And I don't, when you've got the argument, basically, between Justice Breyer writing for the majority and Justice Scalia writing for the minority in the remedial part of Booker, and their whole argument between them was whether or not it was proper to require reasonableness review across the board or not. And the five votes said we'll have reasonableness review across the board. And if that violates the statute, maybe that's an argument you have to make to the Supreme Court. But it seems to me that we've got five justices making a ruling that I would feel inclined to follow. Well, Your Honor, I think that we have to clarify when a court is setting forth a standard of review, that's not the same thing as setting forth appellate jurisdiction. If this Court recalls back in 1997 when the Supreme Court decided Kuhn, it was overruling a body of case law that reviewed departure decisions under a three-part test under this Court's analysis, which reviewed departure decisions de novo, reviewed the extent of departure for abuse of discretion and factual findings for clear error. The Supreme Court said that was an improper standard of review, and it created a unitary abuse of discretion standard of review. But by creating a unitary abuse of discretion standard of review, there is no suggestion that it thereby expanded appellate jurisdiction. And I think it's a very rare case. So they were saying you review for reasonableness, but you may not have jurisdiction to review it. Subject to appellate jurisdiction, because we have to realize that there may be situations where we might view appellate jurisdiction to be desirable, but it is Congress's prerogative to define the scope of that. I guess the implication of that is you wouldn't necessarily agree with the view that the Supreme Court could strike a restriction on appellate review because Congress has to confer appellate jurisdiction on the appellate courts in order for them to have it. I think that's true, Your Honor. I think that shows the flaw in the Cooper case, which is what I faxed over to the Court yesterday. In the Cooper case, the majority opinion made the comment that we find we do not find an affirmative congressional intent to foreclose reasonableness review. But I would submit that that turns appellate jurisdiction on its head. Appellate courts don't exercise appellate jurisdiction until Congress tells them not to. They can only exercise that which is expressly granted by statute. Have you got 3742 in front of you? I do, Your Honor. How does it start? In other words, what are the jurisdictional words? Is it just telling us what we can do, or is it telling us what we have jurisdiction to do? Well, it starts 3742a. Of course, it splits between appeals by defendants and appeals by government. 3742a indicates a defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence, and then it delineates the four categories at that point. Well, okay. That tells the defendant what he can do. It doesn't tell me what I can do. What about the argument in this case that you submitted? Not the argument, the comment by the majority in the case you gave us that we have jurisdiction under 1292 to review criminal sentences. Under 1291, Your Honor? 1291, I'm sorry. Well, Your Honor, I think that there are several problems with that. First of all, if that were true, this Court could have certainly asserted appellate jurisdiction before Booker for the discretionary denials of downward departures. Those sorts of decisions could equally have been characterized as unreasonable, as abuses of discretion, and if 1291 provided a catch-all jurisdictional provision, then we certainly could have exercised jurisdiction there, but we did not because 3742a is the exclusive basis for jurisdiction. This Court in Palaio Bautista faced a similar argument where the defendant argued that 3742a did not set forth the exclusive basis for appellate jurisdiction over sentencing appeals, and this Court expressly rejected that notion and said that there's a specific statute and it sets forth the exclusive grounds for which a defendant may appeal. What's your response to the majority opinion in Cooper that we can view an unreasonable sentence as a violation of 3742a-1, as one that's in violation of law? I think that, Your Honor, there are at least five problems, as I can see, with that interpretation. Basically, it's fitting a square peg into a round hole. First, it renders the rest of the statutory provisions in 3742a superfluous. It strips them of any meaning because it means 3742a-1 can be used to review all sentences for reasonableness, and it plainly violates the canon of statutory construction that you give all sections meaning. Secondly, if that analysis were true, Your Honor, then all of this Court's case law that held that the discretionary denials or downward departures are not reviewable would have been an impermissible construction of the statute. Well, I don't know. Booker, when you say a sentence is contrary to law, I suppose Booker is law. Well, I suppose we need to look at what we mean by law. First of all, Your Honor, A-1, as other courts have held, the A-1 provision, the inviolation of law, courts agree that that was meant to codify the limited appellate review that existed before the Sentencing Reform Act. And this Court has expressly rejected the argument that a district court's abuse of discretion in weighing the 3553a factors could be construed as a violation of law. Specifically, Your Honor, I'm talking about the cases of Reed, Morales, and Lowe, and I'd be happy to submit additional cites if I need to. But in those cases, Your Honor, the defendants challenged the discretionary denial of departure, and they cast their claim this way. They said that it violates the directive of 3553a of not imposing a sentence that is greater than necessary to serve the statutory purposes set forth in that statute. So in other words, the claims back then were cast in the exact same way the claims are being cast now, that a violation of 3553a, an abuse of discretion, should be construed as a violation of law. And this Court rejected that analysis as a matter of statutory construction. And nothing in Booker changes that. And lastly, Your Honor, I would comment that it is an unprecedented and expanded view of inviolation of law provision because when this Court reviews an action for abuse of discretion, it certainly says there's been error if it finds that a district court's decision exceeded the zone of permissible conduct. But it has never transformed that into an argument that that is an error of legal proportions. Clearly, if a district court exercises its discretion and commits an error of law in doing so, that's necessarily an abuse of discretion. But it's ironic to say that when a district court abuses its discretion, it's committing a legal error. Discretion necessarily implies that there's a range of reasonable choices. And if a court decides that a district court has exceeded it, it's certainly error. But to characterize that as legal error is a really unprecedented and expansive interpretation of Booker. And what I'm ultimately suggesting, Your Honor, is that we're not trying to deprive defendants of appellate jurisdiction. We're simply suggesting that we have to maintain appellate jurisdiction in the same way that it's been interpreted for the past two decades. We would submit, Your Honor, that that is consistent first and foremost with Booker's unqualified assertion that the non-excised portions of the Sentencing Reform Act remain valid, remain intact, function independently. We would submit that our reading comports with the plain wording of the statute. It gives meaning to each provision. And it's consistent with this Court's consistent interpretation of 3742A, which says that sentences within or below a guideline's range are not appealable. And finally, Your Honor, it remains faithful to congressional intent to confer only limited appellate jurisdiction. And it adheres to the principle that this Court cannot expand or create its own appellate jurisdiction. And I think when we look at Booker in light of those principles, we realize Booker was only talking about the standard of review that would guide this Court's review of appealable decisions. It was not creating or expanding appellate jurisdiction. I see that my time is just about up. So unless the panel has additional questions, I'm happy to submit at this point. Roberts. Thank you, counsel. Would the panel like any supplemental briefing by the government or the parties? Send us an order if we want it. Very good. Understood, Your Honor. Your Honors, briefly, this Court can review all sentences for reasonableness. That is what Booker says. Cantrell contemplates that reasonableness is one of two aspects that this Court would consider in determining if a sentence is appropriate. How do we get that? Ordinarily, a federal appellate court only has such jurisdiction as Congress gives it. That's because that's what the Constitution says. And when I read 3742, besides the implications of the words in Subsection 1, was imposed in violation of law, I look at Subsection 4. We can review a sentence if it was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. To me, what that means is, taking the word and seriously there, there have to be two things for us to do reasonableness review, actually plainly unreasonable review. One is the sentence is plainly unreasonable, and the other is there's no guideline. The implication of that is that if there is a sentencing guideline, we don't get to review it for unreasonableness or even plain unreasonableness. And I understand that that interpretation of the statute and the implication of the words might be that way in the absence of the Supreme Court's argument that the court will review sentences for reasonableness. What's your response to opposing counsel's argument that that is a standard of review rather than an explanation of jurisdiction for review? Well, and I see how that Booker can be read that way. However, other courts have not interpreted it so limitedly. And in fact, this court in Cantrell specifically identified that the reasonableness review is more than just the standard the court uses, but is something the court should, which would form the basis of the review itself. And Cooper expressly states that reasonableness review of sentences is across the board. My time is up, if I may just briefly finish answering the question. So Cooper, which is fairly consistent with other circuits, at least on that issue, on the idea of the reasonableness not just being a standard of review, I think comports with this court's decision in Cantrell, which recognizes that reasonableness is not the standard of review only. It is a basis for the review itself. And based on that, I think the government's conclusion that Booker is limiting itself to a standard of review is incorrect. And I'll submit. Thank you, Your Honor. Thank you, Your Honor. Just a comment from me. I think that was a very well-argued case, very well-argued. Thank you, Your Honor. I had the same thought. Thanks very much. All three of us had the same thought. Appreciate it.
judges: Canby, Noonan, Kleinfeld